# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF PENNINGTON | NINTH JUDICIAL DISTRICT |

Ian Lane,

                        Plaintiff,

V.

Century International Arms, a Florida corporation,
 Hunters Outlet, a Minnesota corporation,
Remington Arms Company, a North Carolina
corporation, SGM Tactical, LLC, a Tennessee
corporation, John Doe, Richard Roe,
and the XYZ entity,

                        Defendants.

Case Type: Personal Injury
Court File Number:

**COMPLAINT**

Plaintiff Ian Lane for his Complaint alleges:

## JURISDICTION AND PARTIES

I.

Defendant, Century International Arms ("Century"), is a Florida corporation, with its headquarters located at 430 South Congress Ave, Suite 1, Delray Florida 33445. Defendant Century is a manufacturer, distributor, and importer of firearms, ammunition, and accessories.

II.

Defendant, Hunters Outlet ("Hunters"), is a Minnesota corporation with its principal place of business located at 206 Knight Avenue North, Thief River Falls, Minnesota 56701. Defendant Hunters sells firearms, ammunition, and firearm accessories.

III.

Defendant, Remington Arms Company ("Remington"), is a North Carolina corporation with its headquarters located at 870 Remington Drive, Madison, North Carolina 27025.

Defendant Remington is a manufacturer and distributor of firearms, ammunition, and accessories.

IV.

Defendant, SGM Tactical, LLC ("SGM"), is a Tennessee corporation with its principal place of business located at 10300 Yellow Pine Lane, Knoxville, Tennessee 37932. Defendant SGM is a manufacturer, distributor, and seller of firearms, ammunition, and firearm accessories.

V.

That Plaintiff, Ian Lane ("Plaintiff"), is a Minnesota resident who at all pertinent times related to this complaint lived in Thief River Falls, Minnesota 56708.

VI.

That the jurisdiction is proper in Pennington County, Minnesota as the incident whose factual basis will be fully set forth below occurred at Plaintiff's brother's home in Thief River Falls, Minnesota 56708.

VII.

That Plaintiff means to include any person or entity not specifically named above who are in said chain of manufacture, design, distribution, maintenance, upkeep, or some other role involved with the firearm, ammunition, magazine, and any other accessory that may be discovered to have fault in this case.

**GENERAL ALLEGATIONS**

VIII.

That the above-named Defendants are all involved in various parts of the design, fabrication, manufacturing, testing, inspection, sale, use of, distribution of, and all other aspects of the firearm, ammunition, and magazine involved in this case.

IX.

That on information and belief, on or before August 1, 2019 Defendants were involved in manufacturing, distributing, selling, and/or providing a Draco NAK9 Semi-Auto Pistol Cal. 9mm Luger, Remington Peters 9mm Luger Ammunition, and a Glock 9mm 50 Round Drum Magazine to Plaintiff.

X.

That on August 1, 2019 Plaintiff was attempting to shoot the above-named firearm when a cartridge exploded in the gun chamber causing severe and permanent injury to Plaintiff. Including but not limited to a total loss of one of his eyes. That Plaintiff was properly using the above identified gun together with accessory magazine and appropriate ammunition advertised, manufactured, distributed, and sold by one or more of the above-named parties.

XI.

That as a direct and proximate result of the negligence, wrongful conduct, inadequate maintenance, defective nature of the product, carelessness in manufacturing, design, fabrication, testing, inspection, sale, and use of the gun, and all other wrongful and improper conduct by Defendants, as more fully set forth below, Plaintiff suffered severe and permanent injuries to his person and resultant severe economic loss and hardship all to his damage in a reasonable amount in excess of $50,000.00.

### COUNT ONE

### NEGLIGENCE

Plaintiff adopts each allegation stated above and in addition alleges as follows:

I.

That Defendants were negligent in their design, manufacturing, sale, warnings, maintenance, upkeep, provision, distribution, and all other aspects of gun manufacturing and sale involved in the equipment at issue in this case. Including but not limited to defective design, inadequate manufacturing, inadequate warnings, failure to properly test, and all other negligent acts yet to be discovered.

II.

That Defendants owed Plaintiff a duty of care in the design, manufacture, inspection, testing, servicing, provision, upkeep, and sale of the firearm and firearm equipment at issue in this case.

III.

That Defendants were negligent in the design, manufacture, inspection, testing, servicing, provision, and sale of the firearm and equipment at issue in this case in that Defendants failed to guard, instruct, warn, and prevent injury to persons using the equipment created and distributed by Defendants, and in that Defendants failed to provide adequate safety devices, protocols, and safeguards on the firearm, ammo, and magazine at issue.

IV.

Defendants negligently failed to give proper warning so as to prevent injury or death to persons using the firearm, magazine, and ammo, and/or negligently failed to properly test, manufacture, and create the firearm, ammo, and magazine, so as to prevent injury or death to persons using it.

V.

Defendant's negligence was a proximate cause of Plaintiff's injuries and damages.

## COUNT TWO

## STRICT LIABILITY

Plaintiff adopts each allegation stated above and in addition alleges as follows:

I.

That Defendants are in the business of designing, manufacturing, distributing, inspecting, testing, providing maintenance to, and/or selling firearms, ammunition, magazines, and accessories.

II.

That the firearm, ammunition, magazine, and other equipment manufactured and sold by Defendants were in a defective condition and were unreasonably dangerous causing the cartridge explosion in this case.

III.

That on August 1, 2019 at the time Plaintiff was injured, the equipment Plaintiff bought had not been altered, changed, or modified from the condition it was in when Defendants manufactured and sold it.

IV.

That at the time Plaintiff was injured he was using the equipment at issue in this case for its intended purpose, properly, and in a manner reasonably foreseeable by Defendants.

V.

That as a direct and proximate result of Defendants' actions and inactions described above, Plaintiff was seriously and permanently injured.

## COUNT THREE

## EXPRESS WARRANTIES

Plaintiff adopts each and every allegation above, and in addition states and alleges as follows:

I.

That Defendants did expressly warrant the products described above were safe for use by persons such as Plaintiff.

II.

That Defendants breached said warranty by designing, manufacturing, and selling a product which they knew, or should have known was dangerously defective and unsafe to use.

III.

That Plaintiff's injuries were a direct result of said breach.

## COUNT FOUR

## IMPLIED WARRANTIES

Plaintiff adopts each and every allegation above, and in addition states and alleges as follows:

I.

That Defendants are the sellers, manufacturers, and distributors of goods including the firearm, ammunition, and magazine/equipment described above which caused Plaintiff's injuries.

II.

That Defendants did impliedly warrant that the above-described items were fit for the ordinary uses for which such goods are used, conformed to the promises or affirmations of fact

6

made on the container, label, or advertising, and in general that the goods were merchantable and safe for proper use by persons such as Plaintiff.

III.

That Plaintiff's injuries were a direct result of Defendants' breach of the warranties described above.

WHEREFORE, Plaintiff Ian Lane demands judgment against Defendants Century, Hunters, Remington, SGM and all other potential defendants in a reasonable amount in excess of Fifty-Thousand and no/100 ($50,000.00) Dollars, together with interest, costs, and disbursements.

(The rest of this page intentionally left blank)

DATED: 1/18/21

BRADSHAW & BRYANT, PLLC

Michael A. Bryant, #218583
Attorney for Plaintiff
1505 Division Street
Waite Park, MN 56387
(320) 259-5414
mike@minnesotapersonalinjury.com

## ACKNOWLEDGMENT

Plaintiff acknowledges sanctions may be imposed under Minn. Stat. §549.211.

DATED: 1/8/21

BRADSHAW & BRYANT, PLLC

Michael A. Bryant, #218583
Attorney for Plaintiff
1505 Division Street
Waite Park, MN 56387
(320) 259-5414
mike@minnesotapersonalinjury.com

8