# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FISCHER, DAKOTA :
 :
   Plaintiff, :
v. :  CIVIL ACTION NO. __-__
 :  [JURY DEMANDED]
REMINGTON ARMS COMPANY, LLC, :
REMINGTON OUTDOOR CO., INC., :
THE MARLIN FIREARMS CO., :
HORNADY MANUFACTURING CO., :
and ABC COMPANIES #1 through #5, :  JUDGE _____
 :
   Defendants. :

## DEFENDANTS REMINGTON ARMS COMPANY, LLC AND REMINGTON OUTDOOR CO., INC.'S NOTICE OF REMOVAL

Defendants Remington Arms Company, LLC ("RAC") and Remington Outdoor Company, Inc. ("ROC") (collectively, "Remington"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notify this Court that they are removing the above captioned action currently pending in the Court of Common Pleas of Jackson County, Ohio to the United States District Court for the Southern District of Ohio, Eastern Division. In support of this Notice of Removal, Remington states:

## I.
## Introduction

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b).

2. On or about March 13, 2019, Plaintiff Dakota Fischer filed his Original Complaint ("Complaint") against Remington and Hornady Manufacturing Co. ("Hornady"), in the Court of Common Pleas of Jackson County, Ohio, case number 19PI0004.

3.     RAC and ROC were served with the Complaint on March 21, 2019.  This notice of removal is timely filed less than thirty (30) days after Remington was served.

4.     The United States District Court for the Southern District of Ohio, Eastern Division, is the federal judicial district encompassing Jackson County, Ohio. 28 U.S.C. § 115(b)(2) (stating that the Eastern Division of the Southern District includes Jackson County). Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

5.     Copies of all the pleadings that have been filed in this action to date are attached as Exhibit A, including but not limited to Plaintiff's Complaint and service of process documents directed to Remington and Hornady.

6.     Defendants will promptly provide notice of the removal of this action to Plaintiff and the Clerk of Courts for Jackson County, Ohio, and Plaintiff's counsel have been given notice of this filing of Notice of Removal pursuant to pursuant to 28 U.S.C. §1446(d).

7.     The basis for removal to federal court is diversity jurisdiction pursuant to 28 U.S.C. § 1332, because: (1) there is complete diversity of citizenship between Plaintiff and the defendants, RAC, ROC, and Hornady; and (2) the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

## II.
## Diversity Jurisdiction Exists

8.     Plaintiff resides in and is a citizen of Ohio. *See* Complaint. at ¶ 1.

9.     RAC is a foreign limited liability company organized under the laws of the state of Delaware with its principal place of business in North Carolina. FGI Operating Company, LLC ("FGI Operating") is the sole member of RAC. FGI Operating is a Delaware limited liability company with its principal place of business in North Carolina. FGI Holding Company, LLC ("FGI Holding") is the sole member of FGI Operating. FGI Holding is a Delaware limited

liability company with its principal place of business in North Carolina. ROC is the sole member of FGI Holding. ROC is a Delaware corporation with its principal place of business in North Carolina. Therefore, for the purposes of diversity, RAC and ROC are citizens of Delaware and North Carolina. *See Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1013 (S.D. Ohio 2002). Neither RAC nor ROC is a citizen of the State of Ohio.

10. Plaintiff has also named as a defendant The Marlin Firearms Company, which has not been a legal entity since 2011, and, therefore, Plaintiff's action against it is a nullity. Accordingly, the presence of The Marlin Firearms Company as a named defendant is irrelevant for the purposes of this removal nor would consent of a non-existent legal entity be required.[1]

11. Defendant Hornady is a corporation organized under the laws of the State of Nebraska with its principal place of business in Nebraska. Therefore, for the purposes of diversity, Hornady is a citizen of Nebraska.

12. Defendant Hornady consents to this Removal as evidenced by their Notice of Consent to Removal attached hereto.

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, because the amount in controversy is greater than $75,000, exclusive of interest and costs. RAC and ROC meet their burden of showing the required amount in controversy if a fair reading of the Complaint demonstrates that, if Plaintiff is successful, it is more likely than not that his damages will exceed the required amount. *See Patel v. Aetna*, No. 2:17-CV-78, 2017 WL 2240260, at *1 (S.D. Ohio May 23, 2017), *report and recommendation adopted*, No. 2:17-CV-78, 2017 WL 2735587 (S.D. Ohio June 26, 2017).

14. In this action, a fair reading of the Complaint demonstrates that Plaintiff seeks an amount in excess of the $75,000 jurisdictional limit, and if successful, it is more likely than not

---

[1] Prior to its dissolution, The Marlin Firearms Company was not a citizen of Ohio.

that his damages will exceed $75,000. This is a product liability lawsuit alleging that a rifle manufactured by Remington and ammunition manufactured by Hornady are defective and caused personal injury resulting from an explosion. (Compl. at ¶¶ 13-16.) Specifically, Plaintiff alleges that he suffered injuries to his left hand, wrist, and other parts of his body, some of which may be permanent, causing pain, suffering, and other intangible and/or non-economic loss. (*Id.* at ¶ 17.) Further, Plaintiff alleges that he has incurred economic loss and will continue to suffer economic loss for "medical expenses" (*id.* at ¶ 18) and that he has suffered and will suffer past and future non-economic loss, including for lost wages and income. (*Id.* at ¶¶ 19-21.)

15.     Given the nature and scope of the alleged injuries claimed by Plaintiff, it is readily apparent that Plaintiff seeks damages in excess of $75,000 exclusive of interest and costs. (*See* Affidavit of Steven E. Danekas, attached as Exhibit B.) Further, Plaintiff has made a pre-lawsuit demand exceeding $75,000. Based upon the foregoing, Remington has met its burden of establishing that the amount in controversy requirement is satisfied. As a result, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000, exclusive of interest and costs.

### III.
### Demand for Jury Trial

16.     Remington hereby demands a jury trial in this matter.

WHEREFORE, Defendants Remington Arms Company, LLC and Remington Outdoor Company, Inc. respectfully request that the above captioned action now pending in the Court of Common Pleas of Jackson County, Ohio be removed to the United States District Court for the Southern District of Ohio, Eastern Division, and that said United States District Court assume jurisdiction of this action and enter such other an further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: April 10, 2019.

Respectfully submitted,

*/s/Robert V. Kish* _____
Robert V. Kish (0075926)
Reminger Co., LPA
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
rkish@reminger.com
614-232-2413 (Phone)
614-232-2410 (Fax)
*Attorney for Defendants Remington Arms Company,*
*LLC and Remington Outdoor Co., Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served via electronic mail on April 10, 2019 upon the

following:

Brian G. Miller
Adam L. Slone
Brian G. Miller Co., LPA
250 West Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
bgm@bgmillerlaw.com
als@bgmillerlaw.com
*Attorneys for Plaintiff*

James E. Arnold
Damion M. Clifford
James E. Arnold & Associates, LPA
115 W. Main Street, 4th Floor
Columbus, Ohio 43215
jarnold@arnlaw.com
dclifford@arnlaw.com
*Attorneys for Defendant Hornady Manufacturing Co.*


         */s/Robert V. Kish* _____
         Robert V. Kish (0075926)
         *Attorney for Defendants Remington Arms Company,*
         *LLC and Remington Outdoor Co., Inc.*

## IN THE COURT OF COMMON PLEAS OF JACKSON COUNTY, OHIO

DAKOTA G. FISCHER　　　　　　:
12331 State Route 139　　　　　　:
Jackson, Ohio 45640,　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　vs.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
REMINGTON ARMS COMPANY, LLC :
aka REMINGTON ARMS　　　　　　:
c/o CT CORPORATION SYSTEM　　:
Statutory Agent　　　　　　　　　:
28 Liberty Street　　　　　　　　　:
New York, New York 10005,　　　　:
　　　　　　　　　　　　　　　　:
REMINGTON OUTDOOR CO., INC., :
c/o CT CORPORATION SYSTEM　　:
Statutory Agent　　　　　　　　　:
28 Liberty Street　　　　　　　　　:
New York, New York 10005,　　　　:
　　　　　　　　　　　　　　　　:
THE MARLIN FIREARMS CO.　　　:
c/o CT CORPORATION SYSTEM　　:
Statutory Agent　　　　　　　　　:
67 Burnside Avenue　　　　　　　　:
East Hartford, Connecticut 06108-3408, :
　　　　　　　　　　　　　　　　:
HORNADY MANUFACUTRING  CO. :
c/o STEPHEN D. HORNADY　　　　:
Statutory Agent　　　　　　　　　:
State Spur 430　　　　　　　　　　:
P.O. Box 1848　　　　　　　　　　:
Grand Island, NE 68803,　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　and　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:

Case No. ___19PTXXXH___

**JURY DEMAND ENDORSED HEREON**

FILED
Common Pleas Court
Jackson, OH

**MAR 1 3 2019**

SETH I. MICHAEL, CLERK
_____DEPUTY



EXHIBIT
A

ABC COMPANIES #1 through #5     :
Names Unknown                      :
Addresses Unknown,            :
                                    :

      Defendants.                  :

## COMPLAINT

### PARTIES AND JURISDICTION

1.     Plaintiff Dakota G. Fischer is an Ohio citizen residing within the county of Jackson, state of Ohio.

2.     Defendant Remington Arms Company, LLC, aka Remington Arms, is a corporation organized under the laws of the state of Delaware with its principal place of business located at 870 Remington Drive, Madison, North Carolina.

3.     Defendant Remington Outdoor Company, Inc., is a corporation organized under the laws of the state of Delaware with its principal place of business located at 870 Remington Drive, Madison, North Carolina.

4.     Defendant The Marlin Firearms Company, is a corporation organized under the laws of the state of Connecticut with its principal place of business located at 100 Kenna Drive, North Haven, Connecticut.

5.     Defendant Remington Arms Company, LLC, aka Remington Arms, Defendant Remington Outdoor Company, Inc., and Defendant The Marlin Firearms Company (hereinafter collectively referred to as "Remington", unless otherwise indicated) are manufacturers, distributors, and/or sellers of consumer products, including firearms and ammuntion.

6.     At all times relevant hereto, Defendant Remington Arms Company, LLC, aka Remington Arms and/or Defendant Remington Outdoor Company, Inc., manufactured and distributed firearms as the parent corporation of Defendant The Marlin Firearms Company.

7.      Defendant Hornady Manufacturing Company Inc. (hereinafter "Hornady"), is a corporation organized under the laws of the state of Nebraska with its principal place of business located at 3625 West Old Potash Highway, Grand Island, Nebraska.

8.      Hornady is a manufacturer, distributor, and seller of consumer products, including ammunition.

9.      Defendants ABC Company #1, ABC Company #2, ABC Company #3, ABC Company #4, and/or ABC Company #5 (collectively "ABCs"), whose names and addresses could not be discovered, are manufactureres, distributors, and/or sellers of other consumer products, including firearms and/or ammunition.

10.     Remington's, Hornady's, and/or ABCs' firearms and/or ammunition are regularly distributed and sold throughout Ohio.

11.     The incident which gave rise to the claims alleged herein occurred within Jackson County, Ohio.

12.     Jurisdiction is conferred upon this court pursuant to O.R.C. 2307.382

## GENERAL ALLEGATIONS

13.     On March 26, 2017, Plaintiff was injured by the sudden explosion of a Marlin 45/70 lever action rifle manufactured, distributed, and/or sold by Remington and/or ABCs.

14.     Plaintiff was injured by the rifle while attempting to fire it on his grandfather's property located at 11842 State Route 139, Jackson, Jackson County, Ohio.

15.     When the rifle exploded it was loaded with Hornady LEVERevolution .45-70 Government 325 grain FTX ammunition manufactured, distributed, and/or sold by Hornady and/or ABCs.

16.     The rifle exploded as a direct and proximate result of defect(s) to the rifle and/or ammunition.

17.     As a direct and proximate result of the explosion, Plaintiff suffered injuries to his left hand,

wrist, and other parts of his body, some of which may be permanent, causing pain, suffering, and

other intangible and/or non-economic loss.

18.     As a direct and proximate result of his injuries from the explosion, Plaintiff has incurred

economic loss for reasonable expenses for necessary medical treatment and services and will

continue to incur further such expenses into the indefinite future.

19.     As a direct and proximate result of his injuries from the explosion, Plaintiff has incurred

economic loss in the form of lost income and/or wages.

20.     As a direct and proximate result of his injuries from the explosion, Plaintiff has suffered

past and will suffer future economic loss of the value of services which she has been and will be

unable to perform.

21.     As a direct and proximate result of his injuries from the explosion, Plaintiff has suffered

and will suffer past and future non-economic loss.

**FIRST CAUSE OF ACTION** – **Statutory Product Liability Claim against Remington and/or ABCs for Defect in Manufacture and/or Construction Pursuant to O.R.C. 2307.74**

22.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

23.     The rifle at issue was in an unreasonably dangerous condition because it was defective in

manufacture and/or construction at the time of manufacture, distribution, and/or sale by Remington

and/or ABCs and was unable to withstand ordinary and foreseeable conditions of its use.

24.     The explosion occurred because the rifle at issue failed to conform to the physical and

performance specifications of Remington.

25.     The defect in manufacture and/or construction of the rifle, and/or the conduct of Remington

and/or ABCs, was the direct and proximate cause of Plaintiff's injuries.

26.     Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC

2307.74.

**SECOND CAUSE OF ACTION -- Statutory Liability Claim against Remington and/or ABCs for Defect in Design and/or Formulation Pursuant to O.R.C. 2307.75**

27.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

28.     The rifle at issue was in an unreasonably dangerous condition because it was defective in design and/or formulation at the time of manufacture, distribution, and/or sale by Remington and/or ABCs and was unable to withstand ordinary and foreseeable conditions of its use.

29.     The risks associated with the design and/or formulation of the rifle at issue exceeded the benefits associated with said rifle's design and/or formulation.

30.     The defect in the rifle related to design and/or formulation, and/or the conduct of Remington and/or ABCs, was the direct and proximate cause of Plaintiff's injures.

31.     Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.75.

**THIRD CAUSE OF ACTION – Statutory Product Liability Claim against Remington and/or ABCs due Inadequate Warning or Instructions Pursuant to O.R.C. 2307.76**

32.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

33.     At the time of the rifle's manufacture, distribution, and/or sale, Remington and/or ABCs failed to provide the warning or instruction that a manufacturer exercising reasonable case would have provided concerning risks associated with firearm usage.

34.     The warnings, labels, and instructions provided with the rifle at issue did not provide sufficient instructions to allow a user or consumer to avoid, prevent, or timely detect the defect(s) and related malfunction(s).

35.     These inadequacies included failure to provide clear and explicit operating instructions and/or failure to adequately warn consumers of the potential dangers associated with firearm

failures.

36.     The inadequate warnings, labels, and instructions, and/or conduct of Remington and/or

ABCs outlined herein, were the direct and proximate cause of Plaintiff's injuries.

37.     Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC

2307.76.

**FOURTH CAUSE OF ACTION – Statutory Product Liability Claim against Remington and/or ABCs for Making Representations to which the Product did not Conform Pursuant to O.R.C. 2307.77**

38.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

39.     At the time of the rifle's manufacture, distribution, and/or sale, Remington and/or ABCs

made representations with respect to the rifle at issue to which it did not conform.

40.     These misrepresentations, and/or the conduct of Remington and/or ABCs outlined herein,

were the direct and proximate cause of Plaintiff's injuries.

41.     Remington and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC

2370.77.

**FIFTH CAUSE OF ACTION – Breach of Implied Warranty of Merchantability against Remington and/or ABCs Pursuant to O.R.C. 1302.27**

42.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

43.     Plaintiff was a purchaser of a rifle that was manufactured, designed, distributed, and/or

sold by Remington and/or ABCs.

44.     Remington and/or ABCs impliedly warranted to the Plaintiff that the rifle was

merchantable for the ordinary purpose for which such goods are used.

45.     The rifle was not free of defects at the time of manufacture, distribution, and/or sale by

Remington and/or ABCs, was not fit for use, and did not conform to the implied warranties.

46.     This breach of the implied warranty of merchantability was the direct and proximate cause

of Plaintiff's injuries.

47.     Remington and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant

to ORC 1302.27.

**SIXTH CAUSE OF ACTION** – **Breach of Implied Warranty of Fitness for a Particular Purpose against Remington and/or ABCs Pursuant to O.R.C. 1302.28**

48.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

49.     Plaintiff was a purchaser of a rifle that was manufactured, designed, distributed, and/or

sold by Remington and/or ABCs.

50.     Remington and/or ABCs impliedly warranted to the Plaintiff that the rifle was free of

defects at the time of manufacture, distribution, and sale by Remington and/or ABCs.

51.     Plaintiff relied on the skill and judgment of Remington and/or ABCs in using the rifle for

a particular purpose.

52.     The rifle was not free of defects at the time of manufacture, distribution, and/or sale by

Remington and/or ABCs, was not fit for use, and did not conform to the implied warranty of fitness

for a particular purpose.

53.     This breach of the implied warranty of fitness for a particular purpose was the direct and

proximate cause of Plaintiff's injuries.

54.     Remington and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant

to ORC 1302.28.

**SEVENTH CAUSE OF ACTION** – **Statutory Product Liability Claim against Hornady and/or ABCs for Defect in Manufacture and/or Construction Pursuant to O.R.C. 2307.74**

55.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

56.     The ammunition at issue was in an unreasonably dangerous condition because it was

defective in manufacture and/or construction at the time of manufacture, distribution, and/or sale

by Hornady and/or ABCs and would likely cause harm during the ordinary and foreseeable uses for which it was intended.

57. The explosion occurred because the ammunition at issue failed to conform to the physical and performance specifications of Hornady.

58. The defect in manufacture and/or construction of the ammunition, and/or the conduct of Hornady and/or ABCs, was the direct and proximate cause of Plaintiffs injuries.

59. Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.74.

**EIGHTH CAUSE OF ACTION** – **Statutory Liability Claim against Hornady and/or ABCs for Defect in Design and/or Formulation Pursuant to O.R.C. 2307.75**

60. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

61. The ammunition at issue was in an unreasonably dangerous condition because it was defective in design and/or formulation at the time of manufacture, distribution, and/or sale by Hornady and/or ABCs and would likely cause harm during ordinary and foreseeable conditions of use.

62. The risks associated with the design and/or formulation of the ammunition at issue exceeded the benefits associated with said ammunition's design and/or formulation.

63. The defect in the ammunition related to design and/or formulation, and/or the conduct of Hornady and/or ABCs, was the direct and proximate cause of Plaintiff's injuries.

64. Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.75.

**NINTH CAUSE OF ACTION** – **Statutory Product Liability Claim against Hornady and/or ABCs due to Inadequate Warning or Instructions Pursuant to O.R.C. 2307.76**

65. Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

66. At the time of the ammunition's manufacture, distribution, and/or sale, Hornady and/or ABCs failed to provide the warning or instruction that a manufacturer exercising reasonable care

would have provided concerning risks associated with ammunition usage.

67.     The warnings, labels, and instructions provided with the ammunition at issue did not provide sufficient instructions to allow a user or consumer to avoid, prevent, or timely detect the defect(s) and related malfunction(s).

68.     These inadequacies included failure to provide clear and explicit operating instructions and/or failure to adequately warn consumers of the potential dangers associated with ammunition failures.

69.     The inadequate warnings, labels, and instructions, and/or the conduct of Hornady and/or ABCs outlined herein, were the direct and proximate cause of Plaintiff's injuries.

70.     Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.76.

**TENTH CAUSE OF ACTION** – **Statutory Product Liability Claim against Hornady and/or ABCs for Making Representations to which the Product did not Conform Pursuant to O.R.C. 2307.77**

71.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

72.     At the time of the ammunition's manufacture, distribution, and/or sale, Hornady and/or ABCs' made representations with respect to the ammunition at issue to which it did not conform.

73.     The misrepresentations, and/or the conduct of Hornady and/or ABCs outlined herein, were the direct and proximate cause of Plaintiff's injuries.

74.     Hornady and/or ABCs are strictly liable for Plaintiff's damages pursuant to ORC 2307.77.

**ELEVENTH CAUSE OF ACTION** – **Breach of Implied Warranty of Merchantability against Hornady and/or ABCs Pursuant to O.R.C. 1302.27**

75.     Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

76.     Plaintiff was a purchaser of ammunition that was manufactured, designed, distributed, and/or sold by Hornady and/or ABCs.

77.     Hornady and/or ABCs impliedly warranted to the Plaintiff that the ammunition was

merchantable for the ordinary purpose for which such goods are used.

78.    The ammunition was not free of defects at the time of manufacture, distribution, and/or

sale by Hornady and/or ABCs, was not fit for use, and did not conform to the implied warranties.

79.    This breach of the implied warranty of merchantability was the direct and proximate cause

of Plaintiff's injuries.

80.    Hornady and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant to

O.R.C 1302.27.

**TWELFTH CAUSE OF ACTION – Breach of Implied Warranty of Fitness for a Particular
Purpose against Hornady and/or ABCs Pursuant to O.R.C. 1302.28**

81.    Plaintiff repeats and incorporates by reference herein each of the previous paragraphs.

82.    Plaintiff was a purchaser of ammunition that was manufactured, designed, distributed,

and/or sold by Hornady and/or ABCs.

83.    Hornady and/or ABCs impliedly warranted to the Plaintiff that the ammunition was free of

defects at the time of manufacture, distribution, and sale by Hornady and/or ABCs.

84.    Plaintiff relied on the skill and judgment of Hornady and/or ABCs in using the ammunition

for a particular purpose.

85.    The ammunition was not free of defects at the time of manufacture, distribution, and/or

sale by Hornady and/or ABCs, was not fit for use, and did not conform to the implied warranty of

fitness for a particular purpose.

86.    This breach of the implied warranty of fitness for a particular purpose was the direct and

proximate cause of Plaintiff's injuries.

87.    Hornady and/or ABCs are statutorily liable to Plaintiff for Plaintiff's damages pursuant to

O.R.C 1302.28.

WHEREFORE, the Plaintiff demands judgment against Defendants, jointly and severally, in an amount greater than $25,000, plus interest, costs, attorney fees, and other such relief as the Court deems reasonable and appropriate.

Respectfully submitted,

BRIAN G. MILLER CO., L.P.A.

By:

Brian G. Miller (0063241)
Adam L. Slone (0093440)
250 West Old Wilson Bridge Road, Suite 270
Worthington, Ohio 43085
Telephone:    (614) 221-4035
Facsimile:    (614) 987-7841
Email:        bgm@bgmillerlaw.com
              als@bgmillerlaw.com
Trial Attorneys for Plaintiff

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and demands a jury of eight (8) persons to hear the within cause.

Brian G. Miller (0063241)
Trial Attorney for Plaintiff

cc:    Dakota G. Fischer

 **CT Corporation**

**Service of Process
Transmittal**
03/21/2019
CT Log Number 535144050

| | |
|---|---|
| **TO:** | Legal Department<br>Remington Arms Company, Inc.<br>870 Remington Drive<br>Madison, NC 27025-0700 |

**RE:** **Process Served in New York**

**FOR:** Remington Outdoor Company, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DAKOTA G. FISCHER, Pltf. vs. REMINGTON ARMS COMPANY, LLC, etc., et al., Dfts. // To: REMINGTON OUTDOOR CO, INC<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jackson County - Court of Common Pleas, OH<br>Case # 19PI0004 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Marlin 45/70 lever action rifle |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/21/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian G. Miller<br>Brian G. Miller Co., L.P.A.<br>250 West Old Wilson Bridge Road<br>Worthington, OH 43085<br>614-221-4035 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2019, Expected Purge Date: 03/27/2019<br><br>Image SOP<br><br>Email Notification, Legal Department lauren.coe@remington.com<br><br>Email Notification, Emile Buzaid emile.buzaid@remington.com<br><br>Email Notification, Andrew J. Logan andrew.logan@remington.com<br><br>Email Notification, Tracy A. Adair tracy.adair@remington.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>28 Liberty St<br>42 Floor<br>New York, NY 10005-1400<br>212-590-9070 |

Page 1 of 1 / PS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



CERTIFIED MAIL®

9414 7266 9904 2129 6719 37

19PIU004
9414 7266 9904 2129 6719 37

REMINGTON OUTDOOR CO, INC,
C/O CT CORPORATION SYSTEM
STATUTORY AGENT
28 LIBERTY STREET
NEW YORK, NY 10005

Jackson County Clerk of Courts
Seth I. Michael
226 E. Main Street
Jackson, Ohio 45640

COURT OF COMMON PLEAS, JACKSON COUNTY, JACKSON, OHIO

## SUMMONS ON COMPLAINT
(Rule 4 1970 Ohio Rules of Civil Procedure)

Case No. 19PI0004

DAKOTA G FISCHER
        Plaintiff

Vs.

REMINGTON OUTDOOR CO, INC,
C/O CT CORPORATION SYSTEM
STATUTORY AGENT
28 LIBERTY STREET
NEW YORK, NY 10005
        Defendant

To the above named Defendant:

You are hereby Summoned that a Complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the Plaintiff named herein.

You are required to serve upon the Plaintiff(s) Attorney, or upon the Plaintiff if he/she has no attorney of record, a copy of your Answer to the Complaint within 28 days after service of this Summons upon you, exclusive of the day of service. Said Answer must be filed with this Court within three days after service on Plaintiff's Attorney.

The name and address of the Plaintiff(s) Attorney is as follows:

BRIAN G MILLER
373 South high Street
11th Floor
Columbus, OH 43215

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the Complaint.

SETH I. MICHAEL, CLERK

By: _Veneca Bailey_
                                Deputy

Dated: March 13, 2019

 **CT Corporation**

**Service of Process Transmittal**
03/21/2019
CT Log Number 535144040

**TO:** Legal Department
Remington Arms Company, Inc.
870 Remington Drive
Madison, NC 27025-0700

**RE:** **Process Served in New York**

**FOR:** REMINGTON ARMS COMPANY, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DAKOTA G. FISCHER, Pltf. vs. REMINGTON ARMS COMPANY, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Jackson County - Court of Common Pleas, OH<br>Case # 19PI0004 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Marlin 45/70 lever action rifle |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/21/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Brian G. Miller<br>Brian G. Miller Co., L.P.A.<br>250 West Old Wilson Bridge Road<br>Worthington, OH 43085<br>614-221-4035 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2019, Expected Purge Date: 03/27/2019 |
| | Image SOP |
| | Email Notification, Legal Department lauren.coe@remington.com |
| | Email Notification, Emile Buzaid emile.buzaid@remington.com |
| | Email Notification, Andrew J. Logan andrew.logan@remington.com |
| | Email Notification, Tracy A. Adair tracy.adair@remington.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 28 Liberty St<br>42 Floor<br>New York, NY 10005-1400 |
| **TELEPHONE:** | 212-590-9070 |

Page 1 of 1 / PS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL ®

9414 7266 9904 2129 6719 20

Jackson County Clerk of Courts
Seth I. Michael
226 E. Main Street
Jackson, Ohio 45640

19PI0004
9414 7266 9904 2129 6719 20

REMINGTON ARMS COMPANY, LLC
AKA REMINGTON ARMS
C/O CT CORP. SYSTEM, STAT. AGENT
28 LIBERTY STREET
NEW YORK, NY 10005

COURT OF COMMON PLEAS, JACKSON COUNTY, JACKSON, OHIO

## SUMMONS ON COMPLAINT

### (Rule 4 1970 Ohio Rules of Civil Procedure)

Case No. 19PI0004

DAKOTA G FISCHER
        Plaintiff

Vs.

REMINGTON ARMS COMPANY, LLC
AKA REMINGTON ARMS
C/O CT CORP. SYSTEM, STAT. AGENT
28 LIBERTY STREET
NEW YORK, NY 10005
        Defendant

To the above named Defendant:

      You are hereby Summoned that a Complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the Plaintiff named herein.

      You are required to serve upon the Plaintiff(s) Attorney, or upon the Plaintiff if he/she has no attorney of record, a copy of your Answer to the Complaint within 28 days after service of this Summons upon you, exclusive of the day of service. Said Answer must be filed with this Court within three days after service on Plaintiff's Attorney.

      The name and address of the Plaintiff(s) Attorney is as follows:

            BRIAN G MILLER
            373 South high Street
            11th Floor
            Columbus, OH 43215

      If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the Complaint.

                            SETH I. MICHAEL, CLERK

                        By: _____
                                      Deputy

Dated: March 13, 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FISCHER, DAKOTA                          :
                                         :
                Plaintiff,               :
v,                                       :          CIVIL ACTION NO. __-__
                                         :          [JURY DEMANDED]
REMINGTON ARMS COMPANY, LLC,             :
REMINGTON OUTDOOR CO., INC.,             :
THE MARLIN FIREARMS CO.,                 :
HORNADY MANUFACTURING CO.,               :
and ABC COMPANIES #1 through #5,         :          JUDGE _____
                                         :
                Defendants.              :

## AFFIDAVIT OF STEVEN E. DANEKAS IN SUPPORT OF REMINGTON ARMS COMPANY, LLC and REMINGTON OUTDOOR CO.'S NOTICE OF REMOVAL

I, Steven E. Danekas, being first duly sworn under oath, state:

1.      I am over the age of 18 and am fully competent to make this affidavit. I have personal knowledge of all facts stated herein, and they are true and correct.

2.      I have been retained as one of the attorneys for the Defendants, Remington Arms Company, LLC and Remington Outdoor Co., Inc.

3.      I have reviewed Plaintiff's Complaint.

4.      I have represented firearms manufacturers, including Remington, for nearly 30 years throughout the United States in product liability matters on numerous occasions.

5.      I have handled and defended many firearms-related product liability claims and lawsuits in which claimants and plaintiffs alleged personal injuries and related damages for past and future economic damages and, past and future non-economic damages, permanent injuries and disfigurement. In nearly every case involving these types of alleged injuries and damages,

1



the plaintiffs have sought more than $75,000, exclusive of interest and costs. Indeed, in the present case, the Plaintiff made a pre-suit demand in excess of $75,000.

6.    I will be seeking *pro hac vice* admission to represent Remington in this case.

7.    Based on my experience and the allegations of Plaintiff's Complaint, I believe the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Further, the Affiant says not.

Dated this _____ day of April 2019.

_____
Steven E. Danekas

STATE OF ILLINOIS        )
                         ) SS
COUNTY OF DUPAGE         )

Subscribed and sworn to before me

this _10th_ day of April 2019.

_____
Notary Public

```
OFFICIAL SEAL
BARBARA A MURPHY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/08/21
```

2

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DAKOTA FISCHER | |
| Plaintiff, | Case No. _____ |
| vs. | |
| | District Judge _____ |
| REMINGTON ARMS COMPANY, LLC, *et al.* | |
| Defendants. | Magistrate Judge _____ |

## <u>DEFENDANT HORNADY MANUFACTURING CO.'S NOTICE OF CONSENT TO REMOVAL</u>

Now comes Defendant Hornady Manufacturing Co., by and through its attorney of record, pursuant to 28 U.S.C. § 1446, and hereby consents to the removal of the above-captioned matter from the Court of Common Pleas of Jackson County, Ohio, to the United States District Court for the Southern District of Ohio by Defendants Remington Arms Company, LLC, and Defendant Remington Outdoor Company, Inc.

Respectfully Submitted,

*/s/ Kevin J. Schneider*
Kevin J. Schneider (*pro hac vice* to be submitted)
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, Nebraska 68608-2095
(402) 474-6900
kschneider@clinewilliams.com

/s/ Damion M. Clifford
James E. Arnold      (0037712)
Damion M. Clifford   (0077777)
James E. Arnold & Associates, LPA
115 W. Main St., 4th Floor
Columbus, Ohio 43215
(614) 460-1600
jarnold@arnlaw.com
dclifford@arnlaw.com

Counsel for Defendant
HORNADY MANUFACTURING CO.

## CERTIFICATE OF SERVICE

I, Damion M. Clifford, hereby certify that on this 10th day of April, 2019, I electronically filed the foregoing document with the Clerk of the United States District Court for the Southern District of Ohio using the CM/ECF system, which will send notification to all counsel of record.

/s/ Damion M. Clifford
Damion M. Clifford