UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ian Lane, | Case No. 22-cv-0135 (WMW/LIB) |
| Plaintiff, | **ORDER** |
| v. | |
| Century International Arms, Inc., et al., | |
| Defendants. | |

Before the Court is Plaintiff Ian Lane's motion for remand to state court, (Dkt. 65), Defendant Hunters Outlet's (Hunters) motion to dismiss and for joinder to Defendant Century International Arms, Inc.'s (Century) opposition to Lane's motion to remand, (Dkt. 72), and Defendant SGM Tactical, LLC's (SGM) motion for joinder to Century's opposition to Lane's motion to remand, (Dkt. 73). For the reasons addressed below, the Court denies Lane's motion for remand and grants Hunters's and SGM's motions for joinder. The Court also grants Hunters's motion to dismiss.

BACKGROUND

Plaintiff Ian Lane is a Minnesota resident. Defendant Century is a Vermont corporation that manufactures, distributes and imports firearms, ammunition and accessories. Century manufactured the firearm at issue in this case. Defendant SGM is a Tennessee limited liability company that manufactures, distributes and sells firearms, ammunition and firearm accessories. SGM manufactured the magazine at issue in this case. Defendant Hunters, a Minnesota corporation that sells firearms, ammunition and

firearm accessories, sold the firearm and firearm equipment at issue in this case. Lane also names as defendants John Doe, Richard Roe, and the XYZ entity to represent any person or entity not specifically named who is in the chain of manufacture, design, distribution, maintenance or upkeep, or who has any other role pertaining to the firearm, ammunition, magazine and any other accessory that may be discovered to be at fault in this case.

On August 6, 2019, Lane was injured as he was attempting to shoot a firearm manufactured by Century that was loaded with a magazine manufactured by SGM. According to Lane, a cartridge exploded in the gun chamber and inflicted severe and permanent injury, including the loss of one of his eyes. Lane commenced this action in Pennington County District Court, Ninth Judicial District, on November 18, 2021, advancing four state-law products-liability claims. On January 20, 2022, Defendants removed the case to federal court on the basis of diversity jurisdiction.

Lane now moves to remand this case to Pennington County District Court, Ninth Judicial District. Century opposes the motion to remand, and Hunters and SGM move to join Century's brief in opposition. Hunters also moves to dismiss Lane's claims against Hunters.

## ANALYSIS

### I. Motion to Remand

When a case has been removed from state court, a federal court must remand the case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *accord In re Atlas Van Lines, Inc.*, 209 F.3d

1064, 1066 (8th Cir. 2000). Here, Lane argues that the Court lacks subject-matter jurisdiction because Hunters, as a Minnesota company, defeats diversity jurisdiction.

Diversity jurisdiction exists when the matter in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists [when] no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The burden rests with the removing party to establish by a preponderance of the evidence that federal subject-matter jurisdiction exists. *Pub. Sch. Ret. Sys. of Mo. v. State St. Bank & Tr. Co.*, 640 F.3d 821, 825–26 (8th Cir. 2011); *see also Great Rivers Habitat All. v. FEMA*, 615 F.3d 985, 988 (8th. Cir. 2010) (burden of proving federal jurisdiction always remains on the party seeking to establish jurisdiction). All doubts regarding federal jurisdiction are resolved in favor of remanding to state court. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010).

It is undisputed that complete diversity does not exist in this case because Lane and Hunters are citizens of Minnesota. But the parties dispute whether Hunters's citizenship can be disregarded for the purposes of establishing diversity jurisdiction because Hunters is allegedly fraudulently joined.

Century argues that the Court has diversity jurisdiction over this action because Hunters is fraudulently joined. "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). "A finding of fraudulent joinder does not require a finding of fraudulent intent; rather,

3

fraudulent joinder exists if, whatever the plaintiffs' motive, their claim against an in-state defendant has no chance of success." *Schwenn v. Sears, Roebuck & Co.*, 822 F. Supp. 1453, 1455 (D. Minn. 1993). To establish fraudulent joinder, a defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" because the Court does not "focus on the artfulness of the plaintiff's pleadings" in analyzing whether joinder is fraudulent. *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (internal quotation marks omitted). Instead, the Court must determine only "whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003); *accord Junk.*, 628 F.3d at 445 (observing that the standard for dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P, is "more demanding" than the standard for finding fraudulent joinder (internal quotation marks omitted)).

  **A.** **Operative Complaint**

As a threshold matter, the parties dispute which complaint is the operative complaint for the purposes of determining whether Hunters is fraudulently joined. Century argues that the Court should consider the original complaint the operative complaint because it was the operative complaint when Century removed the action to federal court. Lane maintains that the Court must consider the second amended complaint (SAC).

When a plaintiff has filed an amended complaint, a federal court must resolve the question of subject matter jurisdiction by examining the face of the amended complaint. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928–29 (8th Cir. 2005).

4

But "when a district court orders a party to amend its complaint or when the decision to amend is otherwise involuntary, the question of proper removal must be answered by examining the original rather than the amended complaint." *In re Atlas Van Lines, Inc.*, 209 F.3d at 1067 (observing that the plaintiff "faced a Hobson's choice" between amending her complaint or risking dismissal of her case after the district court determined that federal law preempted her state-law claims). Here, Lane has amended his complaint twice. Although Lane made each amendment in response to a motion to dismiss by Defendants, the Court has not made any determination as to the validity of Lane's claims such that Lane faced a choice between amending his complaint or risking dismissal. For this reason, the SAC is the operative complaint for the purpose of determining whether Hunters is fraudulently joined.

### B.     Fraudulent Joinder

The SAC alleges two claims against Hunters: negligence and strict liability. Century argues that there is not a reasonable basis to predict that Minnesota law might impose liability based on either claim.

#### 1.     Negligence (Count One)

In the SAC, Lane alleges negligence based on failure to warn, failure to test and failure to inspect. To state a negligence claim under Minnesota law, a plaintiff must allege four elements: "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of duty being the proximate cause of the injury." *Senogles v. Carlson*, 902 N.W.2d 38, 42 (Minn. 2017).

5

Century argues that Hunters did not owe Lane a duty of reasonable care because Minnesota law does not recognize a pre-sale or post-sale duty to warn absent knowledge of an alleged defect.  Under Minnesota law, when "the manufacturer or the seller of a product has actual or constructive knowledge of danger to users, the seller or manufacturer has a duty to give warning of such dangers."  *Frey v. Montgomery Ward & Co.*, 258 N.W.2d 782, 788 (Minn. 1977).  Lane alleges that "Hunters knew or should have known that they were selling an unsafe, defective, and improperly manufactured firearm or magazine."[1]  But the United States Court of Appeals for the Eighth Circuit has held that, even under the less demanding standard for fraudulent joinder, a plaintiff must actually allege facts in support of its allegations.  *See Block*, 665 F.3d at 951 (holding that there was no reasonable basis for the plaintiff's negligence claims because the plaintiff "offered no factual basis that [the defendant] had any knowledge of, or reason to know of, the alleged defect so as to subject it to negligence liability").[2]  Here, the SAC contains

---

[1]     Lane argues that, because the products at issue in this case are a firearm and ammunition, Hunters had actual or constructive knowledge of the danger those products posed to users.  But in the SAC, Lane alleges that Hunters knew that the products were dangerous because they were unsafe and defective, not because the products were *inherently* dangerous.  For this reason, Lane's argument as to the dangerous nature of firearms and ammunition is unavailing.

[2]     There appears to be some tension between the Eighth Circuit's conclusion that a plaintiff must provide a factual basis for its allegations in the complaint and the weight of the Eighth Circuit's previous holdings, cited in *Block v. Toyota Motor Corporation*, which provides that the court does "not focus on the artfulness of the plaintiff's pleadings" when analyzing fraudulent joinder.  *Block*, 665 F.3d at 948 (citing *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011)); *accord Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) ("The relevant inquiry in analyzing fraudulent joinder . . . focuses only on whether a plaintiff 'might' have a 'colorable' claim under state law against a fellow resident," not on the artfulness of the pleadings." (quoting *Menz v. New*

no factual basis to support Lane's allegation that Hunters knew or should have known that the firearm or ammunition it sold Lane was defective. *Id.* Because there is no reasonable basis for predicting that Minnesota law might impose negligence liability against Hunters, the Court concludes that Hunters is fraudulently joined as to Lane's negligence claim.

### 2. Strict Liability (Count Four)

Century argues that Lane has fraudulently joined Hunters as to Lane's strict-liability claim because, under Minnesota law, non-manufacturing sellers are not held strictly liable for the sale of allegedly defective products. Minnesota law recognizes strict-liability claims against sellers of defective products. *See Hudson v. Snyder Body, Inc.*, 326 N.W.2d 149, 156 (Minn. 1982) ("[A] commercial seller who sells a product in a defective condition unreasonably dangerous to the user is liable for physical harm to the user caused by the defective condition, even though the seller was not negligent and even though [the seller] was not in privity with the user."). To state a claim for strict liability, a plaintiff must allege: "(1) that plaintiff was injured, (2) that the injury was caused by defendant's product, (3) that the injury occurred because defendant's product was defective, and (4) that the defect was present in the product when it was sold by defendant." *Id.* at 155.

---

*Holland N. Am., Inc.*, 440 F.3d 1002, 1005 (8th Cir. 2006))). This tension notwithstanding, the Court reads *Block* as the Eighth Circuit's governing statement of the law as it relates to this action and, for that reason, follows its instructions. *See also Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1080 (8th Cir. 2021) (citing *Block* and affirming district court's dismissal on the basis of fraudulent joinder because the complaint included broad, conclusory allegations).

When a seller sued based on strict liability identifies the manufacturer of the allegedly defective product, however, the Court must dismiss the seller from the action, Minn. Stat. § 544.41, subdiv. 1, 2, unless any of the following conditions are met: (1) the seller exercised significant control over the design or manufacture of the product or provided instructions or warnings to the manufacturer about the alleged defect in the product; (2) the seller had actual knowledge of the defect; or (3) the seller created the defect in the product. *Id.* § 544.41, subdiv. 3. Here, Hunters has certified that Century manufactured the firearm at issue and that SGM manufactured the magazine at issue. Lane, however, alleges in the SAC that "Hunters knew or should have known that the firearm and/or magazine at issue in this case was defective." In doing so, Lane alleges that one of the conditions that prevents dismissal of the seller is present in this action.[3] But, as addressed above, the SAC contains no factual support for Lane's allegation that Hunters knew or should have known that the firearm and magazine were defective. *See supra*, Part I.B.1. And Minnesota's "statutory seller's exception does not preclude a finding of fraudulent joinder." *Block*, 665 F.3d at 949. For these reasons, there is no reasonable basis for predicting that Minnesota law might impose liability against Hunters based on Lane's strict-liability claim. Accordingly, the Court concludes that Hunters is fraudulently joined as to Lane's strict-liability claim.

In summary, Hunters is fraudulently joined as to both claims asserted against it in the SAC. Hunters can, therefore, be disregarded for the purposes of diversity

---

[3] The SAC does not allege facts to support any of the other exemptions to dismissal.

8

jurisdiction. Because complete diversity of citizenship exists between the remaining parties, jurisdiction is proper. The Court, therefore, denies Lane's motion to remand.

## II. Hunters's Motion to Dismiss

Hunters moves to join Century's brief in opposition to Lane's motion to remand. As a part of its motion to join, Hunters also requests that the Court dismiss Hunters from this action.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not *prove* its case at the pleading stage, nor must the pleadings contain detailed factual allegations to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *L.L. Nelson Enters., Inc. v. County of St. Louis*, 673 F.3d 799, 805 (8th Cir. 2012) (observing that "specific facts are not necessary" and pleadings "need only give the [opposing party] fair notice of what the claim is and the grounds upon which it rests" (internal quotation marks omitted)). To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Factual allegations that raise only a speculative right to relief are insufficient. *Twombly*, 550 U.S. at 555. A district court accepts as true all of the plaintiff's factual allegations and views them in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). But legal conclusions couched as factual allegations are not accepted as true. *Twombly*, 550 U.S. at 555. And mere "labels and conclusions" as well as a "formulaic recitation of the elements of a cause of action" fail to state a claim for relief. *Id.*

Lane alleges that Hunters was negligent and should be held strictly liable for selling the allegedly defective firearm and ammunition to Lane. But, as addressed above, in order to impose liability based in negligence or strict liability, Lane must allege facts that could prove that Hunters knew or should have known that the products it sold were defective. *See supra*, Part I.B. Because Lane has alleged no facts in support of the conclusory allegation that Hunter knew or should have known the firearm and ammunition were defective, Lane fails to state a claim on which relief can be granted as to Hunters. Accordingly, the Court dismisses Count Three and Count Six of Lane's Second Amended Complaint.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Ian Lane's motion to remand to state court, (Dkt. 65), is **DENIED**.

2. Defendant Hunters Outlet's motion to dismiss and to join Defendant Century International Arms, Inc.'s opposition to Plaintiff Ian Lane's motion to remand, (Dkt. 72), is **GRANTED**.

3. All claims against Defendant Hunters Outlet are **DISMISSED WITHOUT PREJUDICE**.

4. Defendant SGM Tactical, LLC's motion to join Defendant Century International Arms, Inc.'s Plaintiff Ian opposition to Lane's motion to remand, (Dkt. 73), is **GRANTED**.

Dated:  December 15, 2022                                s/Wilhelmina M. Wright
                                                         Wilhelmina M. Wright
                                                         United States District Judge